By the Court,
Bronson, J.
The objection to hearing affidavits in opposition to the motion is answered by the case of The People v. Supervisors of Queens, (1 Hill, 195.) The objections to two of the jurors whose names came out upon the first drawing, were properly overruled. The facts upon which the objections rested were not proved, nor did the relator offer any proof. And besides, if the facts had been taken for granted, they amounted to nothing. If one of the jurors had been an appraiser of damages upon another rail-road in the same county, he was the better qualified to discharge the like duty in relation to this road. As to the other juror, the alleged disqualification consisted in his owning stock in another rail-road company. But that company had long before acquired the necessary lands, and the road had been several years in operation.# I cannot see that the juror had any interest or feeling which could operate against the relator.
*401 The jury, when assembled, decided ffiat the company held the affirmative, or was to be regarded as plaintiff in the proceedings ; and they rejected a part of the evidence offered by the relator, on the ground that it was not pertinent to the question to be decided. If the jury erred in either or both of these decisions, the matter cannot be reached by a common law certiorari.
The writ brings up nothing but the record, or other entry in the nature of a record. It does not reach those questions which upon trials at common law are reviewed on a case or bill of exceptions. This doctrine is too well settled to be now called in question.
The only question of much importance is that which relates to the manner in which the jury was drawn and organized. And as to that, I am unable to see any solid objection to the course which was pursued. The act contains no provision for compelling the attendance of the jurors; and if they were under the same obligation to appear as they would be when summoned as grand jurors, it was highly probable that some one or more of the twelve would have a sufficient legal excuse. Foreseeing this, the judge made an order which was calculated to avoid the useless expense and delay of giving a new notice, and going through with all the forms a second time, for the purpose of supplying the place of any juror who might not attend. After appointing the time and place for drawing the jurors, the judge declared in his order that he would continue the drawing from day to day, if necessary, until it should be completed—in other words until a full jury should be obtained. In pursuance of this order—a copy of which had been served on the relator and the other land owners—the judge adjourned the proceeding for three days, for the purpose of then supplying any vacancy there might be in consequence of the inability of any of the first drawn jurors to attend. On the adjourned day, and upon satisfactory evidence that two of the jurors could not attend, the judge proceeded to supply their places by drawing two other names. If we give the statute a rea *402 sonable construction, there has, I think, been a full compliance with its requirements. The relator has had ample notice, and the opportunity of attending and taking every objection which he might deem important. And besides, he appeared and prosecuted his claim before the jury as it was finally organized, and thus took the chance of obtaining what he might consider a very satisfactory appraisement of his damages. But without stopping to enquire whether he is now too late to object to the mode in which the jurors were drawn, I think the judge was right in the course which he pursued.
The fact that the relator left the clerk’s office before the judge announced the adjournment to another day, is of no legal importance. The defendant had been advised by the first order that the drawing was to be continued at another time, if necessary; and he has no right to complain that he voluntarily went away before the day and hour had been fixed by the judge.
On full consideration of all the questions which have been made by the relator, we see no sufficient ground for awarding the writ.
Motion denied.